**COLIN M. RUBICH**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX:   (406) 657-6989
E-Mail: Colin.Rubich@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **JEREMY JAMES MCCUNE,**  Defendant. | **CR 17-105-BLG-SPW**  **OFFER OF PROOF** |

The United States of America, represented by Assistant United States Attorney Colin M. Rubich, files its offer of proof in anticipation of the change of plea hearing set in this case on April 13, 2018.

1

## THE CHARGE

The defendant, Jeremy James McCune, is charged by indictment with six counts of wire fraud, in violation of 18 U.S.C. § 1343.

## PLEA AGREEMENT

There is a plea agreement in this case. The defendant will plead guilty to Count I. At the time of sentencing, the United States will move to dismiss Counts II-VI of the indictment, if the Court accepts the plea agreement. The plea agreement that will be filed with the Court represents, in the government's view, the most favorable offer extended to the defendant. *See Missouri v. Frye*, 566 U.S.134 (2012).

## ELEMENTS OF THE CHARGE

In order for McCune to be found guilty of Count I, wire fraud, in violation of 18 U.S.C. § 1343, the United States must prove each of the following elements beyond a reasonable doubt:

**First**, the defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

**Second**, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

**Third,** the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

**Fourth,** the defendant used, or caused to be used, a wire communication to carry out of attempt to carry out an essential part of the scheme.

## PENALTY

Count I of the indictment each carry a maximum penalty of 20 years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

From November 2007 through March 2016, Polly Peden was employed as the bookkeeper for Midland Printing in Billings. As the bookkeeper, she regularly prepared checks for the owners of Midland Printing to sign. Jeremy McCune suggested to Peden from the time she began her employment at Midland Printing that she could steal money from the company. McCune would complain to Peden that he needed money for his amateur racing career and tell her that "they would probably never notice" if she embezzled funds for him. Eventually Peden agreed to steal money for him. McCune would often approach Peden and tell her what he needed for his driving and how much money those things would cost, and

from 2012 to 2016, Peden and McCune's scheme netted approximately $170,639.97 in embezzled funds.

As part of the scheme to defraud Midland Printing, Peden wrote forged checks from Midland Printing to McCune or wrote checks to cash to then give the cash to McCune.   To conceal the missing money, Peden fraudulently altered Midland Printing's check register to disguise or hide the fraudulent payments. McCune was aware that Peden was stealing the money and Midland Printing was not legitimately sponsoring him, and he actively encouraged her to steal the funds.

As part of this scheme, Peden wrote check number 43289 in the amount of $4,562.43 to McCune.   This check was written on the Midland Printing company account at Wells Fargo Bank and cashed at Stockman Bank in Billings.   When McCune cashed this check, Wells Fargo Bank transferred the funds electronically through a clearinghouse outside of the State of Montana.   Therefore, McCune caused an electronic transmission that travelled interstate by wire when he cashed the check.   Without cashing or depositing these checks, McCune could not have gained access to the funds.   As such, these interstate wires furthered McCune's theft.

//

//

DATED this 12th day of April, 2018.

         KURT G. ALME
         United States Attorney

         */s/ Colin M. Rubich*
         COLIN M. RUBICH
         Assistant U.S. Attorney